In re the MARRIAGE OF Morris Edison **CRAVEN, Petitioner-Appellant,**

and

**Barbara Faye Craven, Respondent.**

No. 13743.

Missouri Court of Appeals,
Southern District,
Division One.

April 12, 1985.

David L. Wieland, Poole, Croessmann & Stevens, P.C., Springfield, for petitioner-appellant.

Loren R. Honecker, Sherwood, Honecker & Bender, Springfield, for respondent.

GREENE, Judge.

Petitioner, Morris Edison Craven, brought suit against his wife, Barbara Fay Craven, to dissolve their marriage, to decide the question of custody of their two sons, and to divide the marital property.

In her answer and cross-petition, Barbara asked for custody of the children, child support, maintenance, and a division of the marital property and debts.

After hearing evidence, the trial court dissolved the marriage, awarded Barbara custody of the two boys, $250 a month for support of the youngest child and $100 a month for support of the older boy, and $250 a month maintenance. The court awarded each party certain marital personal property, awarded Barbara an unimproved 10 acre tract of land owned by the parties valued at $13,000, subject to an indebtedness of $8,817.84, ordered Morris to pay the debts of the parties in the sum of $13,763.89 and gave Barbara a judgment against Morris in that amount to be satisfied by payment of the debts. The trial court also ordered Morris to pay Barbara's attorney fees in the amount of $985.

On appeal, Morris contests the division of marital property, the order directing him to pay the debts of the parties, the action of the trial court in considering his earnings since the separation of the parties as marital property, the award of maintenance, and the order directing him to pay Barbara's attorney fees, claiming insufficient evidence and erroneous application of law. While his legal arguments in support of these contentions cover 16 pages, they are not persuasive.

Viewing the record in a light most favorable to the prevailing party, and giving her the benefit of all favorable evidence and reasonable inferences to be drawn therefrom, the evidence before the trial court was as follows.

Morris and Barbara were married for approximately 20 years. Two children were born of the marriage, Glen, who was 19 years old at time of trial, and James who was 16. Morris was 41 years old at time of trial and Barbara was 40. She was a high school graduate, with no particular career job skills, and was unemployed at the time of trial. Morris had completed a year and one-half of college and was em-

ployed as a truck driver, making coast-to-coast runs between California and Buffalo, New York. He projected that he would make between $18,000 and $21,000 per year. The parties had a limited amount of non-marital personal property, consisting primarily of personal effects, which was not valued by either party. Marital personal property, consisting primarily of furniture, appliances and a 1973 Chevrolet automobile valued at $5,225, was awarded to Barbara. Marital personal property awarded to Morris totalled $9,234, and included $6,000 in wages he had received since the parties separated on September 22, 1983. Barbara's monthly expenses for herself and the two boys were $1,325 a month.

Barbara had been faithful to Morris during the marriage and had worked primarily as a homemaker, but had occasional short term jobs, the income from which went to the family. Morris commenced an affair with Cynthia Hayden in April of 1983, and began having sexual intercourse with her before he and Barbara separated on September 22, 1983. At time of trial, Morris was living with Cynthia, and they were planning to marry as soon as he was divorced. Cynthia was employed by the same company as Morris, rode in the truck with him, and was paid about $300 a month less than Morris, who at the time of trial was making $950 a month. A reasonable inference is that they were pooling income and paying expenses incidental to their living together.

During the period from the date of separation to the date of trial, which was about five and one-half months, Morris had only given Barbara $450 to support herself and the boys, during which time period she was forced to resort to charity and the sale of personal property to feed herself and the children. Morris acknowledged he had no good reasons for failing to support Barbara and the boys during this period.

This evidence more than justified the trial court's action in this case. It is evident that even if Morris complies with the trial court's judgment, Barbara must find employment outside the home in order to make ends meet. The trial court's awards were not punitive, regardless of the blatant misconduct of Morris during the marriage, but were merely recognition of what he should contribute to the support of his wife and two children, considering he was the one who wanted out of the marriage so that he could marry another woman.

The trial court's judgment is supported by substantial evidence, is not against the weight of the evidence, and is not based on any erroneous declaration or application of law. This being so, the judgment of the trial court should be, and is, affirmed. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976).

TITUS, P.J., and FLANIGAN, J., concur.